Mr. Justice ThacheR
delivered the opinion of the court.
This case comes up by writ of error to the circuit court of Wilkinson county.
The action is founded upon the indorsement of a promissory note by defendant’s testator. The note matured, and was protested for nonpayment, after the decease of the testator, and notice of nonpayment was addressed to the testator, at the post-office nearest his place of residence, in his life time, by the notary, who testified that he was not aware of the death of the indorser when notice was so addressed. Anterior to the notice, letters testamentary had been granted to the defendant.
We think that the case presents itself to us upon a bill of exceptions to the ruling of the court below during the trial. The bill bears internal evidence of its character, shows that the exceptions were taken to the opinions of the court at the time of their delivery, and before the jury retired; and embraces all *425 the essentials .of a bill of exceptions, to a ruling of the court pending the trial. The statement, of the clerk in the record cannot contradict the certificate of the judge presiding at the trial. There is no other evidence that a motion for a new trial was overruled, than from the clerk’s statement.
The first charge of the court, to which an exception was taken, was as follows ; “ that the grant of letters testamentary by the court, and publication of notice to the creditors, were nqtice to all the world of the death of the testator.” This charge involves two considerations. The grant of letters testamentary is a matter of judicial record, and, upon the general rule, is notice to all who are directly interested in its subject-matter, and who have a right to object to the proceedings, and appeal from the judgment. This rule is founded upon the general principle, that there must be some period put to the continuance of litigation. All who were not directly interested in the grant of letters, were strangers to the proceedings, and took no notice. The law makes this a notice, too, to those concluded thereby, of the grant of letters, but not, ex necessitate, of the death of the testator. A grant of letters of administration is, in general, only prima facie evidence of the intestate’s death, and it may be impeached by witnesses to the fact. Publication for creditors to present their claims in due time to the executor is no further notice to them than for the particular object of the statute. If not acted upon by the creditor, his claim against the estate is barred. It is the act of one party, and affects another in one particular only. The privity of the parties, growing out of such notice, extends solely to the subject-matter of his claim upon the estate, and has no reference to the death of the testator. The charge was much too broad, and trenched widely upon the privilege of a jury to find a fact in the case. It might be notice by which to infer the death to all persons to whom a knowledge of the existence of such publication could reasonably be brought home. It might be prima facie evidence of such notice to persons residing in the immediate neighborhood of the publication. But in both these instances, positive proof of the want of such notice would be admissible, and the whole, *426 without considering the extent of such notice upon the rights of parties interested, would fairly be matters for the consideration of a jury to infer in a holder a knowledge of the death.
The third charge of the court below, and excepted to on the trial, is as follows ; “ that the presentment of a claim against the estate, must be an actual presentation to the executor, and a constructive notice of the existence of the claim, through the post-office, of presentment for payment and dishonor, would not be notice of the claim, although received by the executor.” This we also deem to be erroneous. There are two leading statutes regarding claims against an estate. The one has reference merely to their presentment, and the other to their payment. The presentment would be good before or after publication, if within the limited time, but the payment cannot be enforced until a subsequent period. What is the object of the presentation'? Certainly, nothing more than to inform the executor or administrator of the existence of the claims against the estate. What follows upon a presentation of such claim? Nothing necessarily, but the notice to the representative of an estate of its existence. Nothing but the knowledge of that fact. The exhibition of the claim does no more; it does not, ipso facto, bind the estate for its payment, because the representative may challenge it' upon its merits. It simply stops the bar, which would otherwise run against it by limitation. It would therefore, be legitimate to show a notice of such a claim to an executor or administrator, by any legal evidence that would establish the fact of their knowledge of its existence to the satisfaction of a jury, because the design of the statute would be thereby accomplished.
The charge-requested of the-court below, by the plaintiff in error, and refused and excepted to, was as follows; that if the claim sued on was presented to the executor within eighteen months from the time of the last publication of the notice made by the defendant, as executor, it was sufficient, and it was not necessary to present it within eighteen months from the first insertion of such publication.” The court below charged that it was necessary to present the claim within the eighteen *427 months from the first insertion. The language of the statute, H. & H. 413, s. 92, bears a different interpretation. Publication may be commenced any time within two months after the grant of letters, and shall continue to be published once a week for six weeks, or longer, if the probate court shall so direct. The claims must be presented within eighteen months, for creditors resident in the state, and having no agent, “ after” publication of notice for that purpose, or they'are forever barred. Legal publication consists of the number of insertions ordered by the court. Any number less than the required number of insertions, at the periods assigned by law, falls as far short of the meaning of publication in the statute, as it would of giving, a proportionate degree of publicity to the notice in point of fact. The term of publication must be fully complete and ended, before the obvious intention of the law is answered, and it is a prerequisite to the commencement of the limitation of claims against an estate.
For the above reasons, we think the court below erred in the several charges given and refused, and to which we have adverted.
• The judgment must be reversed, and a new trial awarded.